IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YRC LOGISTICS, INC., <br><br>     Plaintiff, <br><br> vs. <br><br> CENTRAL TRANSPORT INTERNATIONAL, INC., <br><br>     Defendant. | No.:　08-CV-3477 <br><br> Distict Judge William J. Hibbler <br> Magistrate Judge Morton Denlow |

## ANSWER & AFFIRMATIVE DEFENSE

NOW COMES the Defendant, CENTRAL TRANSPORT INTERNATIONAL, INC. (hereinafter "Defendant"), by and through its attorneys, SULLIVAN HINCKS & CONWAY, and for its Answer to Plaintiff's Complaint in the above-captioned matter, states as follows:

1. YRC is a corporation organized under the laws of the state of Delaware, with its principal place of business in the State of Kansas.

**ANSWER: Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint, and therefore demands strict proof thereof.**

2. YRC is authorized to do business in the State of Illinois.

**ANSWER: Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint, and therefore demands strict proof thereof.**

3.    CTI is a corporation organized under the laws of the State of Michigan, with its principal place of business in the State of Michigan.

**ANSWER:  Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.**

4.    CTI is a motor carrier authorized to do business within the State of Illinois.

**ANSWER:  Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.**

5.    This Court has jurisdiction over this dispute pursuant to the grant of diversity jurisdiction to the district courts, 28 U.S.C. §1332(a), in that there is complete diversity of citizenship and residence between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:  Defendant has insufficient knowledge to either admit or deny the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore demands strict proof thereof.**

6.    On three occasions between March 26, 2007, and April 23, 2007, Plaintiff caused three electronic transfers to be made to Defendant CTI.  The first electronic funds transfer, 2000007, in the amount of $48,226.44, was made on March 26, 2007.  The second transfer, 2000049, in the amount of $86,748.06, was made on April 9, 2007.  The third transfer, 2000075, in the amount of $43,161.45, was made on April 23, 2007.  The three electronic funds transfers were made with respect to freight bills and invoices owed to a carrier other than CTI.

**ANSWER:  Defendant admits only that it received three such electronic transfers from Plaintiff between March 26, 2007 and April 23, 2007, and denies the remaining allegations of Paragraph 6 of Plaintiff's Complaint.**

7. CTI acknowledged receipt of the three electronic funds transfers.

**ANSWER: Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.**

8. CTI acknowledged that the funds received were not received in connection to invoices that had been issued by CTI.

**ANSWER: Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.**

9. Despite repeated demands, CTI has failed and refused to refund or repay the funds transferred to CTI on March 26, April 9, and April 23, 2007.

**ANSWER: Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.**

WHEREFORE, Defendant, CENTRAL TRANSPORT INTERNATIONAL, INC., respectfully asks this Court to enter judgment in its favor and against Plaintiff, YRC LOGISTICS, INC., and for such other relief as this Court deems appropriate.

## FIRST AFFIRMATIVE DEFENSE
### (SET-OFF)

1. From in or about January 2005 through June 2006, Plaintiff, YRC LOGISTICS, INC. (hereinafter, "Plaintiff"), utilized the services of Defendant as a motor carrier to transport freight throughout the United States.

2. The business relationship between Plaintiff and Defendant was governed, in part, by the Defendant's Rules Tariff, available at all relevant times via Defendant's website.

3. Pursuant to the Rules Tariff, Plaintiff was to timely pay all invoices received from Defendant for the provision of motor carrier transportation services, or risk facing certain specified penalties.

3

4. During this time, Plaintiff also acquired several other corporations, including corporations by the name of Megasys and Meridian (hereinafter "Plaintiff's affiliates"), that also utilized Defendant for the provision of motor carrier services pursuant to Defendant's Rules Tariff.

5. By the time of the wire transfers described in Paragraph 6 of Plaintiff's Complaint, Plaintiff and its affiliates had accrued $454,794.48 in unpaid invoices due to Defendant.

6. Accordingly, upon receipt of the wire transfers described in Paragraph 6 of Plaintiff's Complaint, Defendant applied said monies to the outstanding and overdue amounts owed by Plaintiff and its affiliates to Defendant.

7. Defendant was therefore justified in using the monies received from Plaintiff to set off the amounts due and owing Defendant from Plaintiff and its affiliates.

WHEREFORE, Defendant, CENTRAL TRANSPORT INTERNATIONAL, INC., respectfully asks this Court to enter judgment in its favor and against Plaintiff, YRC LOGISTICS, INC., and for such other relief as this Court deems appropriate.

    Respectfully submitted,

    CENTRAL TRANSPORT
    INTERNATIONAL, INC.


    By: __/s/ Daniel C. Sullivan_____
        One of Its Attorneys

Daniel C. Sullivan (ARDC # 2767406)
Ryan A. Mahoney (ARDC # 6275418)
SULLIVAN HINCKS & CONWAY
120 West 22nd Street, Suite 100
Oak Brook, Illinois 60523
TEL:  (630) 573-5021
FAX:  (630) 573-5130

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21ST day of July, 2008, a copy of the foregoing was filed electronically. The following parties may access this filing through the Court's ECF system:

Bruce C. Spitzer
bcspitzer@msklaw.com


                                      /s/ Ryan A. Mahoney
                                      Ryan A. Mahoney


SULLIVAN, HICKS & CONWAY
120 West 22nd Street, Ste. 100
Oak Brook, IL 60523
TEL:   (630) 573-5021
FAX:   (630) 573-5130